UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HELDERLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 211 CDP |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Respondents.[1] | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner James Helderle's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, I will deny the petition.

## Procedural History

On May 17, 2013, a jury in the Circuit Court of St. Charles County, Missouri, found Helderle guilty of one count of burglary first degree, one count of forcible sodomy, one count of felonious restraint, and one count of armed criminal action. On July 25, 2013, the court sentenced Helderle to consecutive terms of imprisonment of eight years, twenty years, seven years, and forty years, respectively. Helderle is currently incarcerated at the Eastern Reception

---

[1] Because Helderle is challenging a sentence to be served in the future, Missouri Attorney General Eric Schmitt is added as a proper party respondent. Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

Diagnostic Correctional Center (ERDCC) in Bonne Terre, Missouri.

On direct appeal to the Missouri Court of Appeals, Helderle challenged the sufficiency of the evidence and argued that the trial court committed evidentiary error. The Missouri Court of Appeals affirmed Helderle's conviction and sentence on December 30, 2014. *State v. Helderle*, 451 S.W.3d 360 (Mo. Ct. App. 2014). Mandate issued January 26, 2015. On March 24, 2015, Helderle filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15, in which he argued that he was improperly charged with and convicted of forcible sodomy and burglary first degree. Appointed counsel filed an amended post-conviction motion, raising three claims of ineffective assistance of trial counsel. The motion court denied Helderle's post-conviction motion on March 18, 2016, after an evidentiary hearing. On September 26, 2017, the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Helderle v. State*, 528 S.W.3d 485 (Mo. Ct. App. 2017).

## Grounds Raised

On February 1, 2018, Helderle timely filed this federal habeas petition, in which he raises five grounds for relief:

1) That the trial court abused its discretion in admitting into evidence State's exhibit 71 and witness testimony that Helderle viewed pornography on his cell phone;

2) That the trial court abused its discretion in admitting into evidence exhibits and testimony regarding items that were seized from his truck;

3) That direct appeal counsel failed to raise on appeal a claim that the trial court erred in admitting a laptop computer and its search history during the penalty phase of the trial;

4) That there was insufficient evidence to sustain his conviction of burglary first degree; and

5) That direct appeal counsel failed to raise on appeal a claim that the trial court erred in overruling his motion for judgment of acquittal on the charge of armed criminal action.

In response, respondents argue that Helderle's claims of ineffective assistance of direct appeal counsel are procedurally defaulted and thus barred from federal habeas review. Respondents contend that the remaining claims of evidentiary error and insufficient evidence should be denied on their merits.[2]

## Standard of Review

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions

---

[2] Respondents aver that Helderle's federal habeas petition includes eight claims for relief. (ECF 10 at pp. 7-9.) Respondents include in this number, however, the three claims of ineffective assistance of trial counsel that were raised in Helderle's post-conviction motion. Helderle does not raise these claims as grounds for habeas relief here. (*See* ECF 1 at pp. 22-26, ECF 14 at p. 1.) I will therefore not address them.

of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme

Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).

Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief, however.

Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.*

**Procedurally Defaulted Claims**

In Grounds 3 and 5 of his habeas petition, Helderle claims that direct appeal counsel was ineffective in failing to raise claims of trial court error on direct appeal. Helderle did not raise these claims of ineffective appellate counsel at any proceeding in State court.

A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Under Missouri law, Missouri Supreme Court Rule 29.15 provides the

exclusive means by which a petitioner may assert claims of ineffective assistance of direct appeal counsel. Helderle's failure to raise these claims of ineffective assistance of appellate counsel in his Rule 29.15 motion results in this Court being procedurally barred from reviewing the claims in this federal habeas proceeding absent a showing of cause and prejudice, or that a fundamental miscarriage of justice would result if the Court were not to review the claims.

Helderle appears to assert that ineffective assistance of post-conviction counsel caused his default. While inadequate assistance of counsel at initial post-conviction proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of *trial* counsel, *see Martinez*, 566 U.S. at 9, this claim for cause does not extend to defaulted claims of ineffective assistance of *appellate* counsel. *Davila v. Davis,* 137 S. Ct. 2058 (2017); *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Therefore, Helderle's claim of ineffective assistance of post-conviction counsel does not excuse the default of his claims of ineffective assistance of appellate counsel. He asserts no other ground as cause. With no showing of cause, I need not determine whether prejudice has been shown. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). Nor has Helderle shown that a fundamental miscarriage of justice would occur if I were not to address the merits of his claims.

Accordingly, the claims raised in Grounds 3 and 5 of Helderle's petition are

procedurally barred from federal habeas review and will be denied.

**Claims Addressed on the Merits**

In Ground 1, Helderle claims that the trial court erred in admitting cell phone data (exhibit 71) and witness testimony that Helderle viewed pornography on his cell phone. In Ground 2, he claims that the trial court erred in admitting evidence seized from his truck and testimony relating thereto. Helderle contends that the admission of this evidence violated his right to due process because it related to uncharged misconduct not legally relevant to the charged offenses. In Ground 4, Helderle claims that the evidence adduced at trial was insufficient to sustain his conviction of burglary first degree.

Helderle raised these claims on direct appeal of his conviction and, upon review of the merits of the claims, the Missouri Court of Appeals denied relief. I may therefore review the merits of the claims here, exercising limited and deferential review of the underlying State court decision as required by the AEDPA.

A.  <u>Grounds 1 & 2 – Evidence of Uncharged Misconduct</u>

As summarized by the Missouri Court of Appeals (Resp. Exh. G), the evidence adduced at trial showed the following: Helderle was a cable company employee who worked on the cable box inside the victim's apartment on December 3, 2012. Later that night, Helderle sent a text message to the victim

asking her out for a drink. The cable company learned of the text message and terminated Helderle's employment the following day, December 4. At around 11:30 p.m. on December 4, Helderle burst through the front door of the victim's apartment, threatened that the victim was "going to be sorry," and threw the victim from the couch to the floor whereupon he sat on her to gain to control and began to choke her. Helderle handcuffed the victim behind her back and shoved a handkerchief in her mouth. He also forced a ball gag into the victim's mouth and wrapped the attached leather strap around the back of her head to secure it. Helderle then wrapped a rope around the victim's neck, secured it behind her back and tied it to her ankles. If the victim moved, she would choke. Helderle eventually got back on top of the victim, placed his hand down her pants, and inserted his finger in her vagina. He then pulled a headband over her eyes and a placed a pillowcase over her head.

Around that same time, police knocked at the apartment door. Helderle held a knife to the victim's throat and eye and told her he would kill her and her family if she screamed. The police knocked again. Upon hearing the victim scream, they kicked in the door. Helderle fled through the rear of the apartment. He was later apprehended near the apartment complex. During later questioning, Helderle admitted to the facts set out above and admitted bringing a rope, ball gag, handcuffs, and a pocketknife to the apartment. Upon a search of Helderle's truck,

police found and seized a compound bow, BB gun, vibrator, and backpack. The backpack contained handwritten notes on "how to stay alive in the woods," a box of matches, an emergency blanket, a lock, two whistles, plastic gloves, belts, a tank top, a knit cap, a pair of men's underwear, binoculars, a watch, two Bic lighters, a first aid kid, instant hand sanitizer, petroleum jelly, two pair of women's underwear, a sex toy, a Samsung Galaxy starter guide, and a cell phone bill. Police also found a cell phone and charger inside the console of the truck.

Evidence and testimony regarding the items from the truck were admitted at trial. Helderle's cell phone data was also admitted as well as testimony regarding pornographic websites and other internet searches Helderle conducted the day before he committed the crimes. Helderle claims the admission of this evidence and testimony violated his right to due process because it constituted evidence of uncharged misconduct.

As an initial matter, it is well settled that evidentiary issues in State court proceedings are matters of State law and are not reviewable in federal habeas proceedings. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997). A State court's evidentiary rulings can form the basis for habeas relief under the due process clause, however, but "only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Parker v. Bowersox*, 94 F.3d 458, 460

(8th Cir. 1996). To establish a due process violation stemming from evidentiary error, Helderle must show "that there is a reasonable probability that the error complained of affected the outcome of the trial – *i.e.*, that absent the alleged impropriety the verdict probably would have been different." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995) (internal quotation marks and citations omitted).

Here, the Missouri Court of Appeals determined that evidence and testimony that Helderle conducted cell phone searches of pornographic material – including stories of sex slaves, videos of bondage featuring ropes and ball gags, and images of sexual violence – and that he conducted these searches the day before and the day of the crimes, was not evidence of uncharged crimes or misconduct. (Resp. Exh. G at p. 9.) Nevertheless, the court determined that even if it were, such evidence is admissible under Missouri law "in order to present a complete and coherent picture of the charged crimes, the events leading up to crimes, and the circumstances surrounding the crimes." *Id.* (citing *State v. Coutee*, 879 S.W.2d 762, 767 (Mo. Ct. App. 1994)). These are determinations of State law that I cannot re-examine on federal habeas review. *Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002).

Moreover, the court determined that Helderle failed to show prejudice as a result of the admission of this evidence "[g]iven the overwhelming evidence of Defendant's guilt presented at trial, including Victim's testimony, Defendant's

statements to police and his admission that he unlawfully entered Victim's apartment, 'hog-tied' her, shoved a bondage gag in her mouth, and sexually assaulted her[.]" *Id.* at p. 10. "[T]here is no reasonable probability that the outcome of the trial would have been different had the challenged evidence been excluded." *Id.*

The court of appeals made the same conclusion regarding the evidence and testimony regarding the items seized from Helderle's truck. The court first observed that despite Helderle's contention that the State used this evidence, and particularly the BB gun, to suggest he was a violent person, nothing in the record demonstrated that the State used the evidence to link Helderle to any other crimes or to show that he was a violent person. (Resp. Exh. G at p. 11.) Nevertheless, the court concluded that "even assuming the evidence was irrelevant, Movant fails to show that its admission affected the outcome of the trial in light of the overwhelming evidence of his guilt." *Id.* "[G]iven the overwhelming evidence proving Movant's guilt, Movant fails to show that the admission or the State's reference to these items had a decisive effect on the jury's verdict." *Id.* at pp. 11-12.

In denying Helderle's claims of evidentiary error on appeal, the Missouri Court of Appeals correctly identified the governing legal standards; and its determination that the admission of the challenged evidence and testimony, even if

erroneous, did not prejudice Helderle is entitled to deference. *See* 28 U.S.C. § 2254(d)(1). When viewed in the context of the entire trial and the overwhelming evidence of Helderle's guilt – and indeed his admission to law enforcement that he committed the criminal conduct alleged – the admission of this evidence did not render Helderle's trial fundamentally unfair.

The Missouri Court of Appeals' determination was neither contrary to nor an unreasonable application of Supreme Court precedent. Nor has Helderle demonstrated that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, Helderle's claims that the trial court's admission of evidence of uncharged conduct deprived him of due process, as raised in Grounds 1 and 2 of his habeas petition, are denied.

B.  Ground 4 – Sufficiency of Evidence of Burglary First Degree

In Ground 4, Helderle claims that there was insufficient evidence to support his conviction of burglary first degree because the evidence failed to establish that he intended to forcibly sodomize the victim when he entered her apartment.

At the time Helderle's conviction became final, the law was clearly established that when reviewing a claim challenging the sufficiency of the evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id*. (emphasis in *Jackson*). When applying this standard, the scope of review is extremely limited. A reviewing court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (internal quotations marks and citations omitted).

Because I review Helderle's claim in the habeas context, I may grant relief only if the Missouri Court of Appeals' conclusion that the evidence satisfied the *Jackson* standard was both incorrect and unreasonable. *See Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 977 (8th Cir. 2007) (recognizing the scope of review of the State court's determination of whether evidence was sufficient is "extremely limited"). For the following reasons, the court of appeals' decision was neither.

At the time of Helderle's offense, Mo. Rev. Stat. § 569.160 (Supp. 2012) provided that a person commits first-degree burglary if he:

> [K]nowingly enters unlawfully or knowingly remains unlawfully in a
> building or inhabitable structure for the purpose of committing a

crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime: (1) is armed with explosives or a deadly weapon or; (2) causes or threatens immediate physical injury to any person who is not a participant in the crime; or (3) there is present in the structure another person who is not a participant in the crime.

Here, the charging document charged that Helderle committed burglary first degree when he broke into the victim's apartment for the purpose of committing forcible sodomy therein. The State thus had to show that Helderle unlawfully entered the apartment with the intent to commit forcible sodomy.[3]

The Missouri Court of Appeals reviewed the evidence adduced at trial and concluded that the evidence was sufficient to show that Helderle had the intent to forcibly sodomize the victim when he unlawfully broke into her apartment.

> At trial, there was uncontroverted evidence presented to establish that Defendant was extremely angry when he broke into Victim's apartment, blaming her for getting him fired. The evidence also showed that Defendant brought several items used to physically restrain, threaten, and subdue Victim, including handcuffs, rope, a bondage-type "ball gag," and a knife. After breaking into Victim's apartment, Defendant immediately began threatening her and yelling obscenities. He then pulled Victim off the couch and onto the floor, choking her until she nearly passed out. Shortly after grabbing Victim's breast, Defendant "hog-tied" Victim, shoved the ball gag into her mouth, got on top of her, and forcibly sodomized her.

---

[3] "A person commits the crime of forcible sodomy if such person has deviate sexual intercourse with another person by the use of forcible compulsion." Mo. Rev. Stat. § 566.060.1 (Supp. 2012). Section 566.010(1) (Supp. 2012) defines "deviate sexual intercourse" as "any act involving the genitals of one person and the hand . . . of another person or a sexual act involving the penetration, however slight, of the male or female sex organ . . . by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim[.]"

(Resp. Exh. G at p. 14.) The court found that "there was ample evidence presented at trial from which the jury could reasonably infer that Defendant unlawfully entered Victim's apartment with the intent to sexually assault her." *Id.* at p. 15.

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. *Jackson*, 443 U.S. at 323. "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'" *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen. of S.D.*, 838 F.2d 309, 310 (8th Cir. 1988)).

According due deference to the court of appeals' determination, I agree that there was sufficient evidence to support the conviction of burglary first degree as charged. Helderle broke into the victim's apartment armed with handcuffs, rope, and a ball gag after having recently searched for and viewing information on the internet relating to sexual violence and bondage, with some sites depicting usage of the same tools he possessed. As noted by the court of appeals, "much of the internet search evidence linked Defendant to the charged crimes" and presented "a complete picture of the events leading up to the crimes." (Resp. Exh. G at p. 8 n.4.) Although Helderle claims that his hand accidentally came in contact with the

victim's vagina, the evidence shows that he intentionally put his hand down the victim's pants after she was fully restrained, and he made comments describing her vagina while doing so. Given that Helderle sodomized the victim after fully restraining her with the bondage implements he brought with him, a trier of fact could reasonably find in the circumstances of the case that Helderle unlawfully entered the victim's apartment with the intent to forcibly sodomize her.

The court of appeals' determination that there was sufficient evidence to convict Helderle of burglary first degree as charged is supported by the record and entitled to deference. I am not aware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Helderle demonstrated such. Therefore, it cannot be said that the State court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has Helderle shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The claim raised in Ground 4 of Helderle's habeas petition is denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit

justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Helderle's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Missouri Attorney General Eric Schmitt is added as a proper party respondent to this action.

**IT IS FURTHER ORDERED** that James Helderle's petition for writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment in accordance with this Memorandum and Order is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2020.